# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:19-CV-00073-TBR-LLK

**WILLIAM JOSEPH MADDEN**                                                                 **PLAINTIFF**

**v.**

**JONATHAN GRATE** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to compel discovery from Defendants Amy Fisher and DeEdra Hart, to which Defendants responded in opposition, and Plaintiff replied. (Dockets # 41, 43, 46.) The Court referred the matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for ruling. (Docket # 53.)

For the reasons below, the Court will DENY Plaintiff's motion to compel (Docket # 41) in its entirety.

**Plaintiff seeks discovery of evidence concerning prison gang members.**

The relevant background facts of this discovery dispute are set forth in this Court's recent Memorandum Opinion and Order. (Docket # 54 at 1-3.) The Court dismissed Plaintiff's claim that Defendant Kentucky State Penitentiary (KSP) Warden DeEdra "violated his Eighth Amendment rights by failing to provide humane conditions of confinement by failing to implement measures to reduce violent inmate assaults at KSP" but allowed to continue his claim that she "ignored his request for protection and therefore, was deliberately indifferent to his safety." (*Id.* at 10-11.) The Court allowed to continue Plaintiff's claim that Defendant KSP Classification Treatment Officer Amy Fisher "acted with deliberate indifference to his safety when she recommended the Classification Committee deny his protective custody request and took no further action to ensure his safety." (*Id.* at 12.)

Previously, this Court denied Plaintiff's motion for a preliminary injunction. (Docket # 22.) The Court found that Plaintiff failed to show that the single extortion/attack he experienced occurred because

1

**prison gang members** believed he previously had been placed in protective custody or that there is a substantial risk of future extortions/attacks by **prison gang members** if not placed in protective custody. (*Id.* at 6, 7.)

Plaintiff seeks discovery of such evidence concerning prison gang members from Ms. Fisher and Ms. Hart.

**Plaintiff's motion to compel: Requests for admissions from Ms. Fisher**

Plaintiff's motion to compel seeks supplemental material in three broad categories: supplemental admissions from Ms. Fisher regarding requests for admission; supplemental responses from Ms. Fisher regarding interrogatories; and supplemental admissions from Ms. Hart regarding requests for admission.

Plaintiff seeks supplemental admissions from Ms. Fisher regarding three requests for admission. First (sixth request), Plaintiff asked Ms. Fisher to admit that KSP is a maximum-security prison where inmate assaults occur on a "frequent" basis. (Docket # 41-1 at 2.) Ms. Fisher admitted that KSP is a maximum-security institution, which houses inmates of every custody level, and that inmate assaults can occur at any prison, regardless of security level, but declined to admit or deny that inmate assaults occur at KSP on a "frequent" basis because that word is undefined, vague, and ambiguous. *Id.* Second (seventh request), Plaintiff asked Ms. Fisher to admit that KSP houses "numerous" prison gang members. *Id.* Ms. Fisher admitted that there are inmates incarcerated at KSP who are prison gang members, but declined to admit or deny that prison gang members are "numerous" because that word is undefined, vague, and ambiguous. *Id.* Third (eighth request), Plaintiff asked Ms. Fisher to admit that prison gangs are known to "victimize" other inmates by extortion and assaults. *Id.* Ms. Fisher admitted inmates sometimes commit extortion and assault upon other inmates, but declined to admit or deny that this constitutes "victimization" because that word is undefined, vague, and ambiguous. *Id.*

The Court DENIES Plaintiff's motion to compel Ms. Fisher to supplement her admissions regarding these three requests because Plaintiff's use of the words "frequent," "numerous," and "victimize" was

2

vague and ambiguous because such use is open to multiple, subjective interpretations. "An objection [to a request for admission] may … be made if the request in vague or ambiguous." Handbk. Fed. Civ. Disc. & Disclosure § 11:23 (4th ed.) (Objecting to Requests for Admission) (citing *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 400 (S.D.N.Y. 2018), which held that an auction house's request for admissions which referred to "research" by a scholar was vague, as the term "research" could include all investigations, studies, or analyses by that scholar on any subject).

### Interrogatories from Ms. Fisher

Next, Plaintiff seeks supplemental responses from Ms. Fisher regarding two interrogatories. First (seventh interrogatory), Plaintiff asked Ms. Fisher approximately or exactly how many identified inmate gang members reside at KSP. (Docket # 41-1 at 8.) Ms. Fisher objected to the question on the ground that it is not relevant to any claim or defense, but nevertheless answered the question (over objection). *Id.* Ms. Fisher's answer was that she has no personal knowledge of the number. *Id.*[1] Second (eighth interrogatory), Plaintiff asked Ms. Fisher how many documented inmate physical altercations occurred in the month of April 2019 (when he sent her his request/demand to be placed in protective custody). *Id.* Ms. Fisher objected to the question on the ground that it is not relevant to any claim or defense, but nevertheless answered the question (over objection). *Id.* at 8-9. Ms. Fisher's answer was that she has no personal knowledge of the number. *Id.*[2]

The Court DENIES Plaintiff's motion to compel Ms. Fisher to supplement her responses regarding these two interrogatories because Ms. Fisher's lack of personal knowledge was a sufficient answer to

---

[1] Subsequently, Ms. Fisher added safety/security risk as a reason for not answering the question. (Docket # 43 at 2.) Plaintiff asked Ms. Hart a similar question, and Ms. Hart responded that "releasing the number of documented (i.e. confirmed or suspected) Security Threat Group (STG) inmates at KSP would be extremely dangerous to the safety and security of inmates and staff at KSP." (Docket # 43-2 at 1.) *See also* affidavit of KSP Deputy Warden for Security Skyla Grief detailing the nature of this risk. (Docket # 43-3.)

[2] Subsequently (apparently based on research going beyond her personal knowledge), Ms. Fisher supplemented her response, stating that there were 13 altercations in April 2019. (Docket # 43-1 at 2.)

3

Plaintiff's questions. Generally, a party is not "required to answer interrogatories when the party lacks personal knowledge of the matter [and would] be required to do research to prepare the answers." 20 Fed. Prac. & Proc. Deskbook § 92 (2d ed.) (Interrogatories to Parties). Even if Ms. Fisher attempted some research (in support of Plaintiff's claim), it would be futile because "the list of inmates in the Security Threat Group is so sensitive that line officers [such as Ms. Fisher] do not have access to it." (Affidavit, KSP Deputy Warden for Security Skyla Grief, Docket # 43-3 at 2.)

**Requests for admission from Ms. Hart**

Finally, Plaintiff seeks supplemental admissions from Ms. Hart regarding two requests for admission. First (fifth request), Plaintiff asked Ms. Hart to admit that prison gangs are known to "victimize" other inmates by extortion and assault. (Docket # 41-1 at 4.) Ms. Hart admitted that incarcerated individuals who are affiliated with a security threat group (STG) (i.e., prison gang members) have been known to extort and/or assault other inmates, but declined to admit or deny that this constitutes "victimization" because that word is undefined, vague, and ambiguous. *Id.* at 5. Second (sixth request), Plaintiff asked Ms. Hart to admit that, during her time as KSP Warden, KSP has been placed on institutional lock-down status "many" times due to physical assaults on inmates. *Id.* Ms. Hart admitted that lock-down is a common practice for KSP (and other facilities within Kentucky Department of Corrections, in order to properly investigate physical altercations and assaults) but declined to admit or deny that there have been "many" such lock-downs because that word is undefined, vague, and ambiguous. *Id.*

The Court DENIES Plaintiff's motion to compel Ms. Hart to supplement her admissions regarding these two requests because Plaintiff's use of the words "victimize" and "many" was vague and ambiguous because such use is open to multiple, subjective interpretations. *See* Handbk. Fed. Civ. Disc. & Disclosure § 11:23; *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 400 (S.D.N.Y. 2018).

## ORDER

For the foregoing reasons, Plaintiff's motion to compel (Docket # 41) is hereby DENIED.

January 22, 2020

**Lanny King, Magistrate Judge
United States District Court**

c:  pro-se Plaintiff